**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**LAURA RICHO,**

**Plaintiff,** **CASE NO.:**

**v.**

**CAREFIRST MANAGEMENT COMPANY, LLC d/b/a CAREFIRST BLUE CROSS BLUE SHIELD,**

**Defendant.**

______________________________________/

## COMPLAINT

Plaintiff, LAURA RICHO, by and through her undersigned counsel, hereby sues Defendant, CAREFIRST MANAGEMENT COMPANY, LLC d/b/a CAREFIRST BLUE CROSS BLUE SHIELD, and states as follows:

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 and § 1367, the Americans with Disabilities Act Amendments Act of 2008 ("ADAAA"), 42 U.S.C. § 12112 et seq.; and the Florida Civil Rights Act, Chapter 760, Florida Statutes.

2. Venue lies within United States District Court for the Middle District of Florida, Tampa Division, because a substantial part of the events giving rise to this claim occurred in this Judicial District and is therefore proper pursuant to 28

U.S.C. 1391(b).

## PARTIES

3. Plaintiff, LAURA RICHO (hereinafter as "Plaintiff"), is a resident of Polk County, Florida.

4. Defendant, CAREFIRST MANAGEMENT COMPANY, LLC d/b/a CAREFIRST BLUE CROSS BLUE SHIELD (hereinafter as "Defendant"), is a Domestic LLC in Baltimore, Maryland authorized and doing business in this Judicial District.

## GENERAL ALLEGATIONS

5. At all times material, Defendant acted with malice and reckless disregard for Plaintiff's federally protected rights.

6. At all times material, Plaintiff was qualified to perform her job duties within the legitimate expectations of her employer.

7. Plaintiff has retained the undersigned counsel to represent her in this action and is obligated to pay them a reasonable fee for their services.

8. Plaintiff requests a jury trial for all issues so triable.

## ADMINISTRATIVE PREREQUISITES

9. On June 1, 2026, Plaintiff filed a timely Charge of Discrimination against the Defendant with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR").

10. On October 14, 2026, Plaintiff received a Dismissal and Notice of Right to Sue issued from the EEOC.

## FACTUAL ALLEGATIONS

11. Plaintiff, LAURA RICHO, began working for Defendant on or about January 10, 2000 as a Claims Adjuster I and progressed to the position of Claims Adjuster III. Plaintiff performed her job satisfactorily and received no significant discipline during her employment.

12. At this time, Plaintiff was living in Charleston, West Virginia, with her husband.

13. In or around March 2008, Plaintiff was diagnosed with Multiple Sclerosis (MS) and began working remotely from her home as an accommodation.

14. In or around the end of September 2025, Plaintiff's husband (and her caregiver) lost his job.

15. In or around the end of September 2025, Plaintiff's husband accepted a new job which would require he and Plaintiff to relocate to Lake Alfred, Florida.

16. On or about October 3, 2025, Plaintiff sent an email to her Manager, Carrie Murphy (FEP Claims Operations Manager), to request permission to continue working remotely from Florida.

17. On or about October 9, 2025, Plaintiff sent another email to Ms. Murphy as she had not received a response.

18. On or about October 14, 2025, Plaintiff was given permission to continue working from her new home in Florida until January 30, 2026. Plaintiff worked and performed all of her duties just as she had while living in Charleston, West Virginia for the last 17 years.

19. On or about January 20, 2026, Plaintiff reached out to Ms. Murphy to see if she could receive an extension to continue working from home in Florida as she learned of a Human Resources Remote Policy HR 300.17 which states that Florida is considered an "accepted region" to work from home.

20. On or about January 26, 2026, Ms. Murphy told Plaintiff that Defendant could not extend the work from home time period. Ms. Murphy suggested that Plaintiff request an ADA accommodation based on Plaintiff's medical condition and provided Plaintiff with the information to do so. Plaintiff submitted her request later that evening.

21. On or about February 19, 2026, Plaintiff received an email from her Direct Supervisor, Toreenor Hawkins, which instructed Plaintiff not to open any new claims and to take time to clean up her work.

22. On or about February 20, 2026, Plaintiff received an email from Rebecca Arauz, Human Resources Generalist, which stated Defendant would be accepting her resignation effective Feb 20, 2026; but Plaintiff had not resigned.

23. Plaintiff has knowledge that Defendant permits other employees to work remotely from their homes in South Carolina, Arizona and Georgia.

## COUNT I
## AMERICANS WITH DISABILITIES ACT AMENDMENTS ACT OF 2008 ("ADAAA") DISCRIMINATION

24. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in paragraphs 1 through 23.

25. Plaintiff is an individual entitled to protection under the Americans with Disabilities Act, as amended, 42 U.S.C. § 12112 et seq.

26. Plaintiff is an employee within the meaning of the Americans with Disabilities Act, as amended.

27. Plaintiff is an individual with a disability within the meaning of the Americans with Disabilities Act, as amended. Specifically, Plaintiff's condition substantially limited one or more major life activities and/or one or more major bodily functions.

28. Plaintiff was a qualified individual with a disability within the meaning of the Americans with Disabilities Act, as amended, because Plaintiff, with or without a reasonable accommodation, could perform the essential functions of her job.

29. By the conduct described above, Defendant engaged in unlawful employment practices and discriminated against Plaintiff on account of her known

disability, and/or because Defendant regarded her as having a disability, and/or because of Plaintiff's record of having a disability in violation of the Americans with Disabilities Act, as amended. Specifically, Defendant terminated Plaintiff's employment.

30. The above-described acts of disability discrimination constitute a violation of the Americans with Disabilities Act, as amended, for which Defendant is liable.

31. Defendant's unlawful and discriminatory employment practices toward Plaintiff were intentional.

32. Defendant's unlawful and discriminatory employment practices were done with malice or with reckless indifference to the federally protected rights of Plaintiff.

33. As a result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant for back pay, front pay, compensatory damages, punitive damages, attorney's fees and costs, and all other relief deemed just and equitable.

## COUNT II
## AMERICANS WITH DISABILITIES ACT AMENDMENTS ACT OF 2008 ("ADAAA") RETALIATION

34. Plaintiff realleges and adopts, as if fully set forth herein, the

allegations stated in Paragraphs 1 through 23.

35. Plaintiff suffered an adverse employment action (termination) for opposing an employment practice and for opposing Defendant's discriminatory treatment of her, which action is unlawful pursuant to the ADAAA, 42 U.S.C. § 12112, *et seq*.

36. The above-described acts constitute retaliation, in violation of the ADAAA.

37. As a result of Defendant's unlawful retaliation, Plaintiff has suffered and continues to suffer damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant for back pay, front pay, compensatory damages, punitive damages, attorney's fees and costs, and all other relief deemed just and equitable.

**COUNT III**
**FLORIDA CIVIL RIGHTS ACT – DISABILITY DISCRIMINATION**

38. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1 through 23.

39. Plaintiff is an individual entitled to protection under the Florida Civil Rights Act ("FCRA"), Chapter 760, *Florida Statutes*.

40. Plaintiff is an individual with a disability.

41. By the conduct described above, Defendant engaged in unlawful employment practices in violation of the FCRA, took adverse employment actions

against Plaintiff, and discriminated against Plaintiff because of her disability, record of a disability and/or perceived disability.

42. Defendant failed to provide Plaintiff with a reasonable accommodation, which resulted in Plaintiff's termination on the basis of her disability, record of a disability and/or perceived disability.

43. The above-described acts of disability discrimination constitute a violation of the FCRA, for which Defendant is liable.

44. Defendant's unlawful and discriminatory employment practices toward Plaintiff were intentional.

45. As a direct and proximate result of Defendant's violations of the FCRA, Plaintiff has suffered and continues to suffer damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant for back pay, front pay, compensatory damages, punitive damages, attorney's fees and costs, and all other relief deemed just and equitable.

**COUNT IV**
**FLORIDA CIVIL RIGHTS ACT - RETALIATION**

46. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1 through 23.

47. Plaintiff suffered an adverse employment action for opposing an employment practice made unlawful by Florida Statutes Chapter 760. Specifically, Plaintiff opposed disability discrimination in the workplace.

48. The above-described acts of retaliation constitute a violation of Florida Statutes Chapter 760 for which Defendant is liable.

49. As a result of Defendant's unlawful retaliation, Plaintiff has suffered and continues to suffer damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant for back pay, front pay, compensatory damages, punitive damages, attorney's fees and costs, and all other relief deemed just and equitable.

## COUNT V
## AMERICANS WITH DISABILITIES ACT AMENDMENTS ACT OF 2008 ("ADAAA") FAILURE TO ACCOMMODATE

50. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1 through 23.

51. Plaintiff is an individual entitled to protection under the Americans With Disabilities Act Amendments of 2008 ("ADAAA") and was an employee within the meaning of the ADAAA.

52. Plaintiff is a qualified individual with a disability within the meaning of the ADAAA, because Plaintiff, with a reasonable accommodation, could perform the essential functions of her job with Defendant.

53. By the conduct described above, Defendant engaged in unlawful employment practices in violation of the ADAAA, took adverse employment actions against Plaintiff and discriminated against Plaintiff because of her

disability. Further, Plaintiff was denied a reasonable accommodation in violation of the Act and Defendant failed to engage in the interactive process.

54. As a result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer damages, including, but not limited to, the following:

a. Back pay and benefits;

b. Prejudgment interest on back pay and benefits;

c. Front pay and benefits;

d. Compensatory damages for emotional pain and suffering, inconvenience, loss of enjoyment of life and humiliation;

e. Attorneys' fees and costs;

f. Injunctive relief; and

h. For any other relief this Court deems just and equitable.

**DEMAND FOR JURY TRIAL**

55. Plaintiff, LAURA RICHO, requests a jury trial on all issues so triable.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 20th day of October, 2026, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to Counsel of record.

**FLORIN |GRAY**

*/s/ Wolfgang M. Florin*
**WOLFGANG M. FLORIN, ESQ.**
Florida Bar No.: 907804
wflorin@floringray.com
**TROY E. LONGMAN, II, ESQ.**

Florida Bar No.: 1031921
tlongman@floringray.com
16524 Pointe Village Drive, Suite 100
Lutz, FL 33558
Telephone (727) 254-5255
Facsimile (727) 483-7942

*Trial Attorneys for Plaintiff*